**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **ROBERTO CONTRERAS**, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**WORLDWIDE INDUSTRIES CORP.**,<br><br>Defendant. | Civil Case No.:  23- 532<br><br>Complaint-Class Action. |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Roberto Contreras, individually and on behalf of all others similarly situated, by and through his attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant Worldwide Industries Corp., and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiff brings this action for himself and all other similarly situated hourly-paid laborers to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Plaintiff also brings this action for himself and on behalf of all other similarly situated hourly-paid laborers to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of Massachusetts General Laws c. 149, §§ 148 and 150, and c. 151 §§ 1A and 20 ("Massachusetts Wage Laws"), the Missouri Minimum Wage Law, §§ 290.500

R.S. Mo., *et. seq.* ("MMWL"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.* and attendant regulations, 34 Pa. Code § 231.1, *et seq.* and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et seq.*

3.  Defendant Worldwide Industries Corp. is a company headquartered in Butler, Pennsylvania that provides industrial tank painting and maintenance services.

4.  Plaintiff and the putative FLSA collective and Rule 23 class members are hourly-paid laborers employed by Defendant in the last three (3) years, who were deprived of proper wages as a result of the following unlawful policies maintained by Defendant:

> a.  Failing to report all time worked by laborers at their job sites in the company timekeeping system, causing them to not receive their hourly or overtime wages for all hours worked;
>
> b.  Deducting hours reported in the company timekeeping system from their paid time, causing them to not receive their hourly or overtime wages for all hours worked;
>
> c.  Failing to pay laborers for time spent travelling outside of their home communities during their normal working hours between their homes and the locations at which they were stationed to work for Defendant, at which they stayed overnight; and
>
> d.  Failure to include non-base compensation, including but not limited to "Supp Benefit" pay in the calculation of laborers' regular rates of pay, resulting in payment for overtime work at a less than 1.5 times their regular rate of pay.

5.  As a result of these policies, Defendant failed to pay hourly-paid laborers for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violations of the FLSA, Massachusetts Wage Laws, MMWL, PMWA, and WPCL.

6.  Plaintiff asserts the FLSA claims individually and on behalf of a putative FLSA collective, defined as:

> *All hourly-paid laborers employed by Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

7. Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid laborers of Defendant informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms.

8. Plaintiff asserts the claims under the Massachusetts Wage Laws individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 Massachusetts Class," defined as:

> *All hourly-paid laborers employed by Defendant in Massachusetts at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

9. Plaintiff asserts the MMWL claims individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 Missouri Class," defined as:

> *All hourly-paid laborers employed by Defendant in Missouri at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

10. Plaintiff asserts the PMWA and WPCL claims individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 Pennsylvania Class," defined as:

> *All hourly-paid laborers employed by Defendant in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

11. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## **JURISDICTION AND VENUE**

12. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

3

to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

14. The Court has general personal jurisdiction over Defendant because it is domiciled in Pennsylvania.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## PARTIES

16. Defendant Worldwide Industries Corp. is a for profit corporation created and existing under and by virtue of the laws of the State of Ohio.

17. Defendant maintains its headquarters at 470 Mitchell Hill Rd., Butler, Pennsylvania 16003-1681.

18. Plaintiff Roberto Contreras ("Contreras") is a resident of the County of Cameron and State of Texas.

19. Plaintiff was employed by Defendant as an hourly-paid laborer from approximately March 2022 to October 2022.

20. Plaintiff worked for Defendant in Massachusetts, Missouri, Pennsylvania, and Wyoming.

21. Plaintiff's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS[1]

22. Defendant operates an enterprise engaged in commerce as defined under the FLSA.

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of three years prior to the filing of this Complaint through the present.

4

23. Defendant makes over $500,000 in revenue per year.

24. Defendant has two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to paint products.

25. Defendant is the "employer" of hourly-paid laborers for purposes of the FLSA, Massachusetts Wage Laws, MMWL, PMWA, and WPCL.

26. Hourly-paid laborers are "employees" of Defendant for purposes of the FLSA, Massachusetts Wage Laws, MMWL, PMWA, and WPCL.

27. Hourly-paid laborers' primary job duty is to provide manual labor on projects including surface preparation and restoration services, paint application, logo painting and execution of complex, and multi-color paint treatments.

28. Defendant assigns hourly-paid laborers to perform work for several days or weeks at a time at job sites that are outside their home communities.

29. Defendant provides hourly-paid laborers with lodging at hotels near the job sites at which they are assigned to work, at which they reside overnight for several days or weeks at a time.

30. Hourly-paid laborers use their own means of transportation to travel to and from their homes to their assigned job sites and/or hotels.

31. Hourly-paid laborers' base compensation consists of an hourly rate of pay.

32. In addition to their hourly rates of pay, hourly-paid laborers often receive lump sum payments for hours worked that are identified on their paystubs as "Supp Benefit."

33. Defendant is contractually obligated to pay each hourly-paid laborer for all hours worked.

34. Defendant suffers and permits hourly-paid laborers to regularly work more than forty (40) hours per week.

35. Hourly-paid laborers typically work 5-6 shifts per week, each consisting of approximately 10.5 hours working at the job site.

36. Defendant determines how many hours to pay laborers for in each week based on the number of daily work hours their foreman report in the company's electronic timekeeping system.

37. Defendant's foreman often enter amounts of daily work hours for laborers that are less than their total hours worked at the job site for such days.

38. Defendant knows or should know that hourly-paid laborers often work more time than is entered by their foremen in the timekeeping system, and are not paid for such time.

39. Defendant often deducts hours reported in the company timekeeping system from hourly-paid laborers' paid time, causing them to not receive their hourly or overtime wages for all hours worked.

40. Defendant knows or should know that hourly-paid laborers perform work during the periods of time that it deducts from their pay.

41. Defendant does not record or pay hourly-paid laborers for the time they spend travelling from their homes to the hotels at which they are stationed for each project.

42. Defendant does not record or pay hourly-paid laborers for the time they spend travelling from the hotel or job site back home.

43. The time hourly-paid laborers spend travelling between their homes and their assigned job sites and/or hotels is compensable under the FLSA because its cuts across their normal working hours. *See* 29 C.F.R. § 785.39.

44. Defendant knows or should know that the time hourly-paid laborers spend travelling between their homes and their assigned job sites and/or hotels cuts across their normal working hours.

45. Defendant fails to pay hourly-paid laborers wages for all hours worked.

46. In some weeks, Defendant's failure to pay hourly-paid laborers wages for all hours worked results in their wages averaging to less than the federal minimum wage of $7.25 per hour.

47. In most weeks, Defendant's failure to pay hourly-paid laborers wages for all hours worked results in them not receiving 1.5x their regular rates of pay for all hours worked over 40 in the workweek.

48. Defendant fails to include hourly-paid laborers' "Supp Benefit" pay as part of the "total remuneration" it uses to calculate their regular and overtime times, respectively.

49. The FLSA requires overtime to be paid at least 1.5 times an employee's "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment paid to, or on behalf of, the employee'" *See* 29 C.F.R. § 778.108.

50. Despite paying non-base compensation (including "Supp Benefit" pay) to hourly-paid laborers, Defendant fails to include such remuneration in its calculation of their regular rates or (as a result) their overtime rates.

51. For example, in the week of July 24 – July 30, 2022, Defendant paid Plaintiff for 40 hours at his base rate of $36.77, for 3 hours of overtime at a rate of $55.16 (1.5x of his base rate), and $981.26 in "Supp Benefit" pay.

52. Defendant should have included the $981.26 in "Supp Benefit" pay, in addition to Plaintiff's base rate of $36.77, in determining his overtime rate of pay, but failed to

7

do so, and instead calculated Plaintiff's $55.16 only based on his base rate.

53. Defendant is aware of, and/or recklessly disregards the possibility that non-base compensation (including "Supp Benefit" pay) it pays to hourly-paid laborers is lawfully required to be included in the calculation of their overtime rates, but fails to do so.

54. Defendant has willfully violated the FLSA, Massachusetts Wage Laws, MMWL, PMWA, and WPCL.

55. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff re-alleges and incorporates all previous paragraphs herein.

57. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid laborers who have been affected by Defendant's common unlawful policies and practices which include failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

58. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All hourly-paid laborers employed by Defendant at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

59. As a result of the Defendant's illegal policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

60. Plaintiff brings this collective action against Defendant to recover unpaid minimum wages, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

61. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

62. Plaintiff seeks to send notice to the hourly-paid workers of Defendant informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

63. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

64. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

65. Plaintiff and the putative FLSA collective members demand a trial by jury.

## **RULE 23 CLASS ACTION ALLEGATIONS**

66. Plaintiff re-alleges and incorporates all previous paragraphs herein.

67. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay straight time and overtime compensation, in violation of the Massachusetts Wage Laws, MMWL, PMWA, and WPCL.

68. Plaintiff brings this Rule 23 class action on behalf of:

   a. the "Rule 23 Massachusetts Class," defined as: all hourly-paid laborers employed by Defendant in Massachusetts at any time from three (3) years prior to the filing of this Complaint through the date of judgment;

   b. the "Rule 23 Missouri Class," defined as: all hourly-paid laborers employed by Defendant in Missouri at any time from two (2) years prior to the filing of this Complaint through the date of judgment; and

   c. the "Rule 23 Pennsylvania Class," defined as: all hourly-paid laborers employed by Defendant in the Commonwealth of Pennsylvania at any time from three (3) years prior to the filing of this Complaint through the date of judgment.

Plaintiff reserves the right to amend these definitions as necessary.

69. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the Massachusetts Wage Laws, MMWL, PMWA, and WPCL.

70. The members of the Rule 23 classes are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are at least 40 members of each class. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

71. There is a well-defined community of interest among the Rule 23 class

members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

72. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

73. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

74. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

75. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

76. Plaintiff and the Rule 23 class members demand a trial by jury.

## COUNT I
### (Individual and 29 U.S.C. § 216(b) Collective Action Claims)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### Failure to Pay Minimum Wages

77. Plaintiff re-alleges and incorporates all previous paragraphs herein.

78. 29 U.S.C. § 206(a)(1) provides:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at … 7.25 an hour.

79. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the FLSA Collective members for all hours worked.

80. In some weeks, Defendant's failure to pay Plaintiff and the FLSA Collective members wages for all hours worked resulted in their wages averaging to less than the federal minimum wage of $7.25 per hour.

81. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

82. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

83. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of minimum wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT II
### (Individual and 29 U.S.C. § 216(b) Collective Action Claims)

**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**Failure to Pay Overtime Wages**

84. Plaintiff re-alleges and incorporates all previous paragraphs herein.

85. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed.

86. Plaintiff and the FLSA Collective members worked over forty (40) hours a week for Defendant in many workweeks.

87. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the FLSA Collective members for all hours worked in excess of forty (40) hours in a workweek.

88. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the FLSA Collective members overtime pay at a rate of 1.5 times of their regular rates of pay for hours worked in excess of 40 in a workweek.

89. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

90. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

91. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA Collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total

13

unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT III
### (Individual and Fed R. Civ. P. 23 Class Action Claims)
### Violation of Massachusetts Wage Laws, M.G.L. c. 151 § 1A
### Failure to Pay Overtime Wages

92. Plaintiff re-alleges and incorporates all previous paragraphs herein.

93. Plaintiff and the Rule 23 Massachusetts Class members worked over forty (40) hours a week for Defendant in many workweeks.

94. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Massachusetts Class members for all hours worked in excess of forty (40) hours in a workweek.

95. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Massachusetts Class members overtime pay at a rate of 1.5 times their regular rates of pay for hours worked in excess of 40 in a workweek, in violation of M.G.L. c. 151 § 1A.

96. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

97. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 Massachusetts Class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to M.G.L. c. 151 § 20.

## COUNT IV
### (Individual and Fed R. Civ. P. 23 Class Action Claims)
### Violation of Massachusetts Wage Laws, M.G.L. c. 149, § 148

14

**Failure to Pay Wages**

98. Plaintiff re-alleges and incorporates all previous paragraphs herein.

99. Defendant was contractually obligated to pay Plaintiff and the Rule 23 Massachusetts Class members for all hours worked.

100. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Massachusetts Class members their agreed-upon wages for all hours worked, in violation of M.G.L. c. 149, § 148.

101. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

102. Plaintiff has filed a complaint with the Massachusetts Attorney General regarding Defendant's violations of M.G.L. c. 149, § 148.

103. As a result of Defendant's conduct described above, Plaintiff and the Rule 23 Massachusetts Class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to M.G.L. c. 149, § 150.

### COUNT V
### (Individual and Fed R. Civ. P. 23 Class Action Claims)
### Violation of Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.505
### Failure to Pay Overtime Wages

104. Plaintiff re-alleges and incorporates all previous paragraphs herein.

105. Plaintiff and the Rule 23 Missouri Class members worked over forty (40) hours a week for Defendant in many workweeks.

106. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Missouri Class members for all hours worked in excess of forty (40)

hours in a workweek.

107. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Missouri Class members overtime pay at a rate of 1.5 times their regular rates of pay for hours worked in excess of 40 in a workweek, in violation of Mo. Rev. Stat. § 290.505.

108. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

109. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 Missouri Class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to Mo. Rev. Stat. § 290.527.

## COUNT VI
### (Individual and Fed R. Civ. P. 23 Class Action Claims)
### Violation of the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq*.
### Failure to Pay Overtime Wages

110. Plaintiff re-alleges and incorporates all previous paragraphs herein.

111. Plaintiff and the Rule 23 Pennsylvania Class members worked over forty (40) hours a week for Defendant in many workweeks.

112. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Pennsylvania Class members for all hours worked in excess of forty (40) hours in a workweek.

113. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Pennsylvania Class members overtime pay at a rate of 1.5 times their regular rates of pay for hours worked in excess of 40 in a workweek, in violation of 43 Pa. Stat.

16

Ann. § 333.104(c).

114. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

115. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 Pennsylvania Class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to 43 Pa. Stat. Ann. § 333.113.

## COUNT VII
### (Individual and Fed R. Civ. P. 23 Class Action Claims)
### Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*
### Failure to Pay Wages

116. Plaintiff re-alleges and incorporates all previous paragraphs herein.

117. Defendant was contractually obligated to pay Plaintiff and the Rule 23 Pennsylvania Class members for all hours worked.

118. As a result of the policies and violations alleged here in, Defendant failed to pay Plaintiff and the Rule 23 Pennsylvania Class members their agreed-upon wages for all hours worked, in violation of 43 Pa. Stat. Ann. § 260.3(a).

119. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

120. As a result of Defendant's conduct described above, Plaintiff and the Rule 23 Pennsylvania Class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to 43 Pa. Stat. Ann. § 260.9a(b) and (f) and. § 260.10.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the FLSA;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the Massachusetts Wage Laws, MMWL, PMWA, and WPCL;

(C) An Order for injunctive relief ordering Defendant to comply with the FLSA, Massachusetts Wage Laws, MMWL, PMWA, and WPCL, and end all of the illegal wage practices alleged herein;

(D) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the Massachusetts Wage Laws, MMWL, PMWA, and WPCL claims set forth herein;

(F) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H) Designating Plaintiff as the representative of the FLSA Collective and Rule 23

Classes in this action;

(I) Designating the undersigned counsel as counsel for the FLSA Collective and Rule 23 Classes in this action;

(J) Judgment for damages for all unpaid minimum wages, overtime wages, and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA;

(K) Judgment for damages for all unpaid overtime wages liquidated damages, and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the Massachusetts Wage Laws, MMWL, PMWA, and WPCL;

(L) An incentive award for the Plaintiff for serving as representative of the FLSA Collective and Rule 23 Classes in this action;

(M) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, the Massachusetts Wage Laws, MMWL, PMWA, and WPCL;

(N) Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective and Rule 23 Class members may be entitled; and

(O) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA Collective and Rule 23 Class members, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: March 27, 2023                     **BROWN, LLC**

                                          By: /s Jason T. Brown
                                          Jason T. Brown (PA Bar I.D. # 79369)

111 Town Square Place, Suite 400
Jersey City, New Jersey 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com

*Attorneys for Plaintiff*