# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, Hon. William S. Strickman, U.S. District Judge, presiding ("District Court"), Plaintiff Roberto Contreras, individually and on behalf of the Collective Members, and Defendant Worldwide Industries Corp. ("Worldwide"), agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

**1.** "Action" shall mean the civil action in the United States District Court for the Western District of Pennsylvania, Western Division entitled *Roberto Contreras v. Worldwide Industries Corp.,* Case No. 2:23-cv-00532.

**2.** "Administrator" means Apex Class Action Administration, or any other claims administrator selected by Collective Counsel with approval from Defendant.

**3.** "Representative Plaintiff" or "Plaintiff" shall mean Roberto Contreras.

**4.** "Defendant" shall mean Worldwide Industries Corp. and all of its former, current and respective officers, directors, employees, agents, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

**5.** "Collective Members" shall consist of Representative Plaintiff and all of the "Eligible Settlement Participants" who execute and return Consent and Release Forms before or during the Consent Period, or whose late-submitted Consent and Release Forms are approved by Defendant.

**6.** "Eligible Settlement Participants" consist of the individuals identified in Exhibit A as "Eligible Settlement Participants" who have not already joined the case, and who are former and current non-exempt laborers of Worldwide Industries Corp. who were employed in non-supervisory roles as painters on Defendant's projects whom the Company supervised, managed, and controlled during such projects, between March 27, 2020 and March 27, 2023.

**7.** "Parties" shall mean the Representative Plaintiff and Defendant, and "Party" shall mean any one of the Parties.

**8.** "Collective Counsel" are Nicholas Conlon and Jason T. Brown of Brown LLC. "Defendant's Counsel" are David J. Kaufman, Ronald M. McMillan, and Abbey Kinson Brown of Calfee, Halter & Griswold LLP and Marco S. Attisano of Flannery Georgalis LLC.

**9.** "Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

**10.** On March 27, 2023, Representative Plaintiff Roberto Contreras commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted, all of which claims are covered by this Settlement.

**11.** In the Action, Plaintiff alleged that Defendant failed to report all time worked by laborers at their job sites in the company timekeeping system, causing them not to receive their hourly or overtime wages for all hours worked; deducted hours reported in the company timekeeping system from their paid time, causing them to not receive their hourly or overtime wages for all hours worked; failed to pay laborers for time spent travelling outside of their home communities during their normal working hours between their homes and the locations at which they were stationed to work for Defendant, at which they stayed overnight; and failed to include non-base compensation, including but not limited to "Supp Benefit" pay in the calculation of laborers' regular rate of pay, resulting in the payment of overtime work at a less than 1.5 times their regular rate of pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*; Massachusetts General Laws c. 149, §§ 148 and 150, and c. 151 §§1A and 20 ("Massachusetts Wage Laws"); the Missouri Minimum Wage Law, §§ 290.500 R.S. Mo., *et. seq.* ("MMWL"); the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et. seq.*, 34 Pa. Code § 231.1, *et. seq.*; and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1 *et. seq.*

**12.** Defendant answered the Complaint denying liability and disputing the damages asserted by Plaintiff. Defendant continues to deny liability and damages and disputes and denies the allegations in Plaintiff's Complaint.

**13.** Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA, the Massachusetts Wage Laws, the MMWL, the PMWA, and the WPCL and that the Action is appropriate for collective treatment. Defendant denies certain allegations.

**14.** Between July 2023 and December 2023, the Parties engaged in informal yet comprehensive discovery regarding Plaintiff's claims and Defendant's defenses to such claims.

**15.** Between October 17, 2023, and December 15, 2023, the Parties engaged in extensive settlement negotiations, including two mediation sessions with Mediator Tina O. Miller on November 17 and December 15, 2023. On the latter such date, the Parties reached an agreement to settle the Action on the terms set forth in this Settlement Agreement.

**16.** It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

**17.** Collective Counsel represents that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiff's claims against Defendant, including researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Collective Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Collective Members in light of all known facts and circumstances, including the risk of significant delay and Defendant's defenses. Defendant agrees that the Settlement is fair, adequate and reasonable.

**18.** This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendant that Plaintiff's claims in the Action have merit or that Defendant has liability to Plaintiff and the Collective Members on any or all of those claims.

## SETTLEMENT PAYMENTS

**19.     Total Eligible Settlement Amount:** The Total Eligible Settlement Amount is Two Hundred Thousand Dollars and 0/100 Cents ($200,000.00), which sum is intended by the Parties to cover and will cover: (a) all of the Individual Payments to the Collective Members; (b) Plaintiff's Representative Payment; (c) Collective Counsel's attorneys' fees and expenses; and (d) costs related to administration of the Settlement, including the costs for services related to the Administrator.

**20.     Collective Representative Payment:** Ten Thousand Dollars and 0/100 Cents ($10,000.00) of the Total Eligible Settlement Amount will be paid to Representative Plaintiff Roberto Contreras, in addition to his Individual Payment, for serving as Representative Plaintiff. Defendant will issue to Representative Plaintiff a Form 1099- Misc. with respect to this Collective Representative Payment. Within fourteen (14) days after the District Court grants final approval of the Settlement, Defendant shall issue and mail the check for the Collective Representative Payment to the offices of Collective Counsel, who shall the deliver the check to Plaintiff.

**21.     Settlement Payments to Plaintiff and Other Eligible Settlement Participants:** One Hundred Eleven Thousand Thirty-Five Dollars and 78/100 Cents ($111,035.78) of the Total Eligible Settlement Amount will be divided into Individual Payments to Plaintiff and the other Eligible Settlement Participants.

**22.     Calculation of Individual Payments:** The Individual Payments were calculated by Collective Counsel and confirmed by Defendant's Counsel. They are based proportionally on the Representative Plaintiff and each Eligible Settlement Participant's alleged damages during the Calculation Period. The Individual Payments are set forth in Exhibit A to this Agreement. Half of the Individual Payments to Collective Members will be treated as payment for wages under this Settlement. Defendant will determine the proper tax withholding amounts on the W-2 payments in accordance with each Collective Member's previously elected wage withholding instructions, and Defendant is responsible for payment of the employer's share of payroll taxes as required by law. The other half of the Individual Payments to Collective Members will be treated as compensatory damages for any and all of the applicable disputed claims against Defendant. Defendant shall not deduct or withhold any monies from this payment, including but not limited to all standard income or payroll taxes and/or deductions. Defendant will issue to Collective Members a Form 1099-Misc. with respect to this half of the Individual Payments. Nothing herein constitutes a representation or warranty by Defendant of any tax or withholding liability with respect to this payment.

**23.     Calculation Period:** The Calculation Period for the Collective Members shall mean the period between March 27, 2020, and March 27, 2023.

**24.     Retention of Individual Payments:** Any Individual Payments to Eligible Settlement Participants who do not execute and return Consent and Release Forms within the Consent Period will be retained by Defendant.

**25.     Collective Counsel's Attorneys' Fees and Expenses:** Of the Total Eligible Settlement Amount, Defendant shall pay Seventy-Eight Thousand Nine Hundred Sixty-Four Dollars and 22/100 Cents ($78,964.22) to Collective Counsel for attorneys' fees and expenses incurred in the Action and administration of the Settlement, including Collective Counsel's costs of using the services of the Administrator, if any. Collective Counsel will provide Defendant with a W-9 form prior to the issuance of this payment. Defendant will issue to Collective Counsel a

Form 1099-Misc. with respect to the attorneys' fees and expenses payment. Defendant shall make this payment to Collective Counsel via wire transfer or check within thirty-five (35) days after the Consent Period is completed.

## RELEASE OF CLAIMS

**27.     Release of Claims:** The Eligible Settlement Participants who elect to participate in the Settlement will release Defendant and all of its former, current and respective officers, directors, employees, agents, parents, predecessors, successors, subsidiaries, and related and affiliated entities from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, unpaid travel time, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the FLSA, the Massachusetts General Laws, the MMWL, the PMWA, and the WPCL, for the Released Period.

Representative Plaintiff, through Representative Plaintiff's signature below, hereby releases, subject to the Court's approval, Defendant and all of its former, current and respective officers, directors, employees, agents, parents, predecessors, successors, subsidiaries, and related and affiliated entities from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of any kind, including but not limited to claims for unpaid wages, unpaid overtime compensation, unpaid travel time, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*; Massachusetts General Laws c. 149, §§ 148 and 150, and c. 151 §§1A and 20; the Missouri Minimum Wage Law, §§ 290.500 R.S. Mo., *et. seq.*; the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et. seq.*, 34 Pa. Code § 231.1, *et. seq.*; and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et. seq.* for the Released Period.

**28.     Released Period:** The Released Period for the Collective Members shall mean the period between March 27, 2020 and the date the District Court enters approval of the Settlement proposed by the Parties herein.

**29.     Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Collective Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting and administering the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorneys' fees and expenses, Collective Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

## APPROVAL AND DISMISSAL OF THE ACTION

**30.     Cooperation:** The Parties will agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the action with prejudice.

**31.     Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

**32.     Joint Motion for Approval of Settlement and Dismissal With Prejudice of the Action:** The Parties will file a Joint Motion For Approval of Settlement, seeking an order from the

4895-4992-9904, v.3

District Court approving the Settlement, as well as the form, content, and method of distribution of the notice to Eligible Settlement Participants, the amounts payable to Collective Members and Collective Counsel, and entering judgment dismissing the Action with prejudice. Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

33. **Contact Information for Collective Members:** Within five (5) days after the District Court grants final approval of the Settlement, counsel for Defendant will provide Collective Counsel a spreadsheet containing the names, last known addresses, last known email addresses, and last known phone numbers to the extent that Defendant has this information, of the Eligible Settlement Participants, according to records maintained by Defendant in the ordinary course of its business.

34. **Distribution of Notice and Consent and Release Forms:** Collective Counsel, or Collective Counsel through retaining the services of the Administrator, will distribute the Notice, attached hereto as Exhibit B and the Consent and Release Forms attached hereto as Exhibit C, to the Eligible Settlement Participants via First-Class Mail and email, if available, within thirty (30) days after receiving the contact information from counsel for Defendant referenced above. Collective Counsel, or Collective Counsel through retaining the services of the Administrator, shall perform address updating through the National Change of Address Database before the notice is mailed. If any notice(s) is returned as undeliverable, Collective Counsel, or Collective Counsel through retaining the services of the Administrator, will make reasonable efforts to locate the Collective Member(s) and re-send the Notice(s) within the Consent Period.

35. **Consent Period and Return of Consent and Release Forms:** In order to receive a payment under this Settlement, the Eligible Settlement Participants must properly sign and return the Consent and Release Form. The Eligible Settlement Participants may return Consent and Release Forms to Collective Counsel and/or the Administrator within forty-five (45) days after the mailing of the notice. The Consent and Release Forms must be submitted through a secure website established by the Administrator, signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Collective Counsel and/or the Administrator within the forty-five (45) day period to be timely.

36. **Filing of Consent and Release Forms:** Upon receipt of the timely executed Consent and Release Forms from Eligible Settlement Participants, Collective Counsel will file them with the Court. Within fourteen (14) days after the Consent Period is completed, all of Collective Members' Consent and Release Forms must be filed with the District Court. Collective Counsel will provide Defendant's Counsel with a final list of the Collective Members within fourteen (14) days after the Consent Period is completed.

37. **Distribution of Individual Payments to Collective Members:** Within thirty-five (35) days after Collective Counsel files the Consent and Release Forms and provides Defendant's Counsel with the final list of the Collective Members, Defendant will mail settlement payments (the Individual Payments to Plaintiff and the Collective Members) directly to Collective Counsel. Collective Counsel, or Collective Counsel through the services of the Administrator, will make reasonable efforts to deliver the checks to Plaintiff and Collective Members. Any checks that become lost or void during the (6) month period after Defendant delivered payments to Collective Counsel will be reissued to any Collective Member upon request and without charge to the Collective Member..

**38.** **Unclaimed Payments:** All Individual Payments shall remain negotiable for a 6-month period after the date of issuance. To the extent there are any Individual Payments to any Collective Members that are unclaimed or not distributed, such as undeliverable or uncashed settlement checks, Defendant will advise Collective Counsel of such amounts upon Collective Counsel's request for such information. Any amounts not cashed six (6) months after the date of issuance of the settlement checks shall be retained by Defendant.

**39.** **Late Consent and Release Forms:** In the event Eligible Settlement Participants eSign, postmark, fax or email their Consent and Release forms after the 45-day consent period, Collective Counsel will notify Defendant's counsel within three (3) business days. Defendant will decide, in its sole discretion and within five (5) business days of receiving notice from Collective Counsel, whether to allow the late Eligible Settlement Participant(s) to become a Collective Member(s) and participate in the Settlement. If Defendant decides to allow the late Eligible Settlement Participant(s) to become a Collective Member(s) and participate in the Settlement, Collective Counsel shall promptly file their Consent and Release forms with the Court, causing them to be bound by the Settlement and their claims to thereby be dismissed with prejudice. Defendant will issue and mail the appropriate Settlement Payment(s) to Collective Counsel within fourteen (14) days after each such Consent and Release form is filed with the Court, and Collective Counsel will deliver the Settlement Payment(s) to the Collective Member.

**40.** **Parties' Authority**. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

**41.** **Mutual Full Cooperation**. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

**42.** **No Prior Assignments**. The Parties and Collective Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

**43.** **No Admission of Liability**. Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence or wrongdoing on the part of Defendant, and Defendant denies any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

**44.** **No Admission of Collective Liability**. The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees exists to maintain a collective action under the FLSA or a Collective action under Rule 23 of the Federal Rules of Civil Procedure.

4895-4992-9904, v.3

      **45.**   **Construction**.  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

      **46.**   **Modification**.  This Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

      **47.**   **Integration Clause**.  This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

      **48.**   **Binding on Assigns**.  This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

      **49.**   **Counterparts**.  This Settlement may be executed in counterparts and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

      **50.**   **Breach**.  If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

      **51.**   **Jurisdiction**.  The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement, including the notice administration, addition of Collective Members and distribution process.

      **52.**   **Collective Signatories**.  Representative Plaintiff executes this Settlement on behalf of himself and in his representative capacity on behalf the Collective Members. It is agreed that it is burdensome to have all of the Collective Members execute this Agreement. This Agreement shall have the same force and effect as if each Collective Member executed this Agreement.

4895-4992-9904, v.3

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: 04 / 05 / 2024

ROBERTO CONTRERAS:

_____
Representative of Plaintiff, Individually, and on Behalf of the Collective Members

Dated: 4/10/24

WORLDWIDE INDUSTRIES CORP.:

By: _____

Its: President

Dated: 04 / 05 / 2024

NICHOLAS CONLON
BROWN LLC:

Nicholas Conlon
Collective Counsel

Dated: 4/10/24

DAVID J. KAUFMAN
CALFEE, HALTER & GRISWOLD LLP:

David J. Kaufman
Defendant's Counsel

4895-4992-9904, v.3

Doc ID: 4467777c3858bca7750fd66a59ac985a10aa127b